IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID TORTALITA,**

    Petitioner

**vs.**                                                                          1:17-cv-00684-RB-KRS

**TODD GEISEN,** CAPTAIN/WARDEN
Bureau of Indian Affairs, Office of Justice Services,
Division of Corrections; **TIMOTHY BAILON**,
Tribal Official, Kewa Pueblo, individual and official
capacity; **ROGER CALABAZA**, Tribal Official,
Kewa Pueblo, individual and official capacity;
**FREDERIC REANO**, Tribal Official, Kewa Pueblo,
individual and official capacity; **LOUIS TORTALITA**,
Tribal Official, Kewa Pueblo, individual and official capacity;
**VINCENT AGUILAR**, Tribal Official, Kewa Pueblo,
individual and official capacity; and **EARL CHICHARELLO**,
BIA Federal Officer #864**,** Bureau of Indian Affairs, Southern
Pueblos Agency, Office of Justice Services,

    Respondents.

## **ORDER DISMISSING RESPONDENT CHICHARELLO**

      **THIS MATTER** is before the Court following a review of Petitioner's Response to Order to Show Cause (Doc. 19). Having so reviewed, the Court notes the following.

      On August 30, 2017, Respondent Geisen filed an Answer to Petition for Writ of Habeas Corpus (Doc. 6), wherein he alleged, inter alia, that Officer Chicharello should be dismissed from this action on the ground that the officer is an improper party. On November 20, 2017, upon determining that Plaintiff had neither responded to this allegation nor effectuated proper service on Officer Chicharello, the Court issued an Order to Show Cause (Doc. 17) which directed Plaintiff to show cause why Officer Chicharello should not be dismissed. On December 1, 2017, Petitioner filed the response at bar. (Doc. 19). Yet, rather than address whether Officer Chicharello is a proper party to this proceeding, Petitioner dedicates the entirety of his response to arguing that he

properly served the officer via first class mail. The issue of service, however, need not be addressed as the Court has determined that Officer Chicharello is improperly named in this action.

It is well established that the proper respondent to a habeas petition is the person who has immediate physical custody of the petitioner. *See* 28 U.S.C. § 2243 (2012) (mandating that a writ of habeas corpus "shall be directed to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement…the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not…some other remote supervisory official."); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1978) ("[T]he respondent in a habeas corpus action is the individual custodian of the prisoner.").

Petitioner's habeas petition contains but one specific reference to Officer Chicharello, to wit, "Mr. Tortalita was brought before the court, that is before four or five tribal officials… and BIA Federal Officer Earl Chicharello #864." (Doc. 1, ¶ 3). Later in the petition, Petitioner alleges, generically, that "the officer" threatened him during the plea bargaining process. (Doc. 1, ¶ 4). Even assuming that "the officer" refers to Officer Chicharello, the petition is void of any allegation or indication that Officer Chicharello exercises control over Petitioner's physical custody. *See, e.g.*, *Padilla*, 542 U.S. 426, 439 (2004). Accordingly, Officer Chicharello should be dismissed from this action.

**IT IS, THEREFORE, ORDERED** that Earl Chicharello, BIA Federal Officer #864, is hereby DISMISSED as a party to this action.

_____
UNITED STATES DISTRICT JUDGE