IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID TORTALITA,

       Petitioner,

v.                                                           No. 1:17-cv-684-RB-KRS

TODD GEISEN, Captain/Warden,
Bureau of Indian Affairs, Office of Justice Services
Division of Corrections, TIMOTHY BAILON, ROGER
CALABAZA, FREDERIC REANO, LOUIS TORTALITA,
and VINCENT AGUILAR, all in their individual and official
capacities as Tribal Officials, Kewa Pueblo,

       Respondents.

## ORDER ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE

THIS MATTER comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus for Relief from a Tribal Court Conviction Pursuant to 25 U.S.C. § 1303 ("Petition") (Doc. 1), filed June 29, 2017. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Kevin R. Sweazea, who entered Proposed Findings of Fact and [a] Recommended Disposition ("PFRD") (Doc. 33) on April 24, 2018. As detailed in the PFRD, Judge Sweazea recommended that the Court grant Petitioner's Petition and vacate Petitioner's underlying sentence and conviction. Notwithstanding Judge Sweazea's favorable recommendation, on May 8, 2018, Petitioner timely filed objections to the PFRD, arguing, in sum, that his conviction should be reversed rather than vacated. Having considered, de novo, those portions of the PFRD to which Petitioner objects, *see* 28 U.S.C. § 636(b)(1)(C), the Court finds that Petitioner's objections are without merit.

1

The relevant facts and law are set forth in the PFRD, and it would serve no purpose to repeat the Magistrate Judge's well-reasoned analysis in its entirety. As is pertinent here, Petitioner bases his request for habeas relief upon allegations that he was convicted and sentenced in violation of the Indian Civil Rights Act of 1968 ("ICRA") 25 U.S.C. §§ 1301–03. Specifically, Petitioner argues that he was (1) denied the right to assistance of counsel, in violation of 25 U.S.C. § 1302(a)(6); (2) denied the right to a trial by jury, in violation of 25 U.S.C. § 1302(a)(10); and (3) subjected to cruel and unusual punishment, in violation of 25 U.S.C. §§ 1302(a)(7)(A), (c).

In his Objections to Proposed Findings and Recommended Disposition (Doc. 34), Petitioner avers that the Court may treat a habeas petition under 25 U.S.C. § 1303 as it would a direct appeal. However, Petitioner offers no viable argument that would allow the Court to deviate from well-established habeas corpus jurisprudence. Petitioner first argues, without legal support, that "the federal court is in a sense the Indian defendant's only right and means of appeal." (Doc. 34 ¶ 3). Petitioner then cites to *Alvarez v. Lopez*, 835 F.3d 1024, 1030 (9th Cir. 2016), and concludes that "where an Indian Tribe denies a defendant's right to a jury trial under the ICRA, a court can reverse his convictions and not merely vacate his sentence." (Doc. 34 ¶ 4).

In *Alvarez*, the Ninth Circuit considered whether the United States District Court for the District of Arizona had properly denied an ICRA habeas petition filed by a member of the Gila River Indian Community (the "Community"). The Court determined, in relevant part, that the Community did not afford the petitioner the right to a jury trial and that this error required

"automatic reversal" of, presumably, the petitioner's conviction.[1] *Alvarez*, 835 F.3d 1024, 1029–30. The Ninth Circuit then reversed the district court's judgment and ordered the court to grant the petitioner's habeas petition. *Id.* at 1030.

Even assuming that the *Alvarez* petitioner had requested reversal in his habeas petition, the Court is not swayed by Petitioner's reliance on the *Alvarez* opinion. In addition to the fact that the Ninth Circuit is not binding on this Court, the petition at bar does not include a request for reversal. In fact, the only relief Petitioner requested was (1) issuance of the writ of habeas corpus or, in the alternative, a hearing to inquire as to the legality of his detention, and (2) any further relief the Court deems just and proper. (Doc. 1 at 9). Further, when invited to brief the question of reversal in the context of 28 U.S.C. § 1303, Petitioner declined to do so within the allotted timeframe. (*See* Doc. 33 at 2.)

Regardless, as thoroughly detailed in the PFRD, Congress specifically determined that the sole remedy for alleged ICRA violations is review by way of habeas corpus. *See*, *e.g.*, *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 67 (1978); *Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1461 (10th Cir. 1989). Through his objections, Petitioner is inviting the Court to defy existing legislation and established case law to carve out a new remedy that would further impede tribal sovereignty. This the Court cannot and will not do.

**IT IS, THEREFORE, ORDERED** that Petitioner's objections to the PFRD as set forth in his Objections to Proposed Findings and Recommended Disposition (Doc. 34) are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommended Disposition (Doc. 33) is hereby **ADOPTED**;

---

[1] The Ninth Circuit does not specify what should be reversed but it does cite to *Sullivan v. Louisiana*, 508 U.S. 275, 281-82 (1993) which discusses federal constitutional errors, in the context of an appeal, that require a conviction to be reversed. Accordingly, this Court finds *Sullivan* inapplicable to ICRA violations.

**IT IS FURTHER ORDERED** that Petitioner's Petition (Doc. 1) is hereby **GRANTED** and Petitioner's underlying sentence and conviction are hereby **VACATED**;

**IT IS FURTHER ORDERED** that Petitioner shall be released from custody.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE